**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3686-18T2

BEN GROSS,[1]

    Plaintiff-Appellant,

v.

ROBERT CORMACK,

    Defendant-Respondent.

_____

        Submitted May 13, 2020 – Decided June 2, 2020

        Before Judges Mayer and Enright.

        On appeal from the Superior Court of New Jersey, Law
        Division, Monmouth County, Docket No. L-4698-14.

        Ben Gross, appellant pro se.

        Respondent has not filed a brief.

PER CURIAM

---

[1] Referenced in the record also as Bezalel Grossberger.

Self-represented plaintiff Ben Gross appeals from an April 9, 2019 order entered by Judge Lisa P. Thornton, A.J.S.C., denying his motion to reinstate a complaint. We affirm, substantially for the reasons set forth in Judge Thornton's order.

We briefly summarize the facts. Defendant Robert Cormack, an attorney licensed to practice law in New Jersey, represented a client who sued plaintiff in an action in Ocean County (Ocean County action). After defendant's client prevailed in the Ocean County action, plaintiff filed suit against defendant in Monmouth County (Monmouth County action), claiming defendant made defamatory statements about him in the Ocean County action and tortiously interfered with plaintiff collecting damages against defendant's client. On February 20, 2015, Judge Dennis R. O'Brien granted defendant's motion to dismiss plaintiff's case with prejudice.

On June 1, 2015, plaintiff moved to reinstate his complaint and for leave to amend. On June 26, 2015, Judge O'Brien denied plaintiff's motion and the case remained dismissed with prejudice. On July 1, 2015, plaintiff filed another motion seeking a "declaration of legal relations," repeating arguments previously raised and rejected in the February 20, 2015 order. Judge O'Brien

2

viewed plaintiff's motion as a motion for "reconsideration of the denial of a prior motion for reconsideration" and denied the application on July 24, 2015.

On January 14, 2019, plaintiff submitted pleadings to Judge Thornton for her review, pursuant to her December 1, 2017 order.[2]  Plaintiff sought to reinstate the Monmouth County action against defendant.  On April 9, 2019, Judge Thornton denied his application, stating "a review of the pleadings indicate[s] this filing is designed to perpetuate the pattern of frivolous litigation plaintiff has engaged in on prior matters."  In her opinion, Judge Thornton specifically referenced Judge O'Brien's February 10, 2015 and July 24, 2015 orders.  Additionally, she noted plaintiff's motion for reinstatement did "not comply with the requirements of any New Jersey Court Rule, more specifically [Rule]4:50."

On appeal, plaintiff advances no fewer than fifteen legal arguments seeking reversal of Judge Thornton's April 9, 2019 order.  His arguments are devoid of merit and do not warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

---

[2]  Judge Thornton's December 1, 2017 order required plaintiff's filings to be presented to her before being accepted for filing.

A-3686-18T2

"[C]ourts have the inherent authority, if not the obligation, to control the filing of frivolous motions and to curtail 'harassing and vexatious litigation.'" Zehl v. City of Elizabeth Bd. of Educ., 426 N.J. Super. 129, 139 (App. Div. 2012) (quoting Rosenblum v. Borough of Closter, 333 N.J. Super. 385, 387, 391 (App. Div. 2000)). We have held "an Assignment judge can prevent the filing of a complaint, or issuance of a summons thereon, when the plaintiff's prior litigation demonstrates a pattern of frivolous pleadings." Rosenblum, 333 N.J. Super. at 387.

Guided by these principles, we perceive no basis to disturb Judge Thornton's well-reasoned opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION